IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02117-BNB

RONALD ROHN,

      Plaintiff,

v.

NESTOR, et al.,
TOM NESTOR, Sheriff,
CLINT TWEDEN, Captain,
CURTIS WYNESKY, Deputy Sheriff,
CARMELA NESTOR, Deputy Sheriff, and
THERESA DIXON, Deputy Sheriff,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Ronald Rohn, is a prisoner in the custody of the Colorado Department of Corrections at the Arrowhead Correctional Center in Cañon City, Colorado.  Mr. Rohn initiated this action by filing *pro se* a Complaint Pursuant to 42 U.S.C. 1983 (ECF No. 1) alleging that his rights under the United States Constitution have been violated.  On September 9, 2013, Mr. Rohn filed an amended complaint using the court-approved Prisoner Complaint form.  (See ECF No. 5.)  He seeks damages and other relief.

The court must construe the Prisoner Complaint liberally because Mr. Rohn is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Rohn will be ordered to file a second amended complaint if he wishes to

pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint is deficient.  For one thing, it is not clear exactly who Mr. Rohn is suing

because he improperly uses "et al." in the caption of the Prisoner Complaint.  Pursuant

to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must

name all the parties."  Pursuant to Rule 10.1J. of the Local Rules of Practice of the

United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a

caption with one party per line.  The proper name of a party shall be in capital letters,

and any identifying text shall be in upper and lower case immediately following the

proper name."

The Prisoner Complaint also is deficient because the claims Mr. Rohn asserts

are vague and conclusory.  Mr. Rohn contends that his home was burglarized at some

unspecified time while he was confined at the Lincoln County, Colorado, Detention

Center, resulting in a loss of more than $20,000.00 worth of personal property and that

he was prevented from filing a police report to initiate an investigation of the burglary.

According to Mr. Rohn, Lincoln County deputy sheriffs Curtis Wynesky, Carmela Nestor,

and Theresa Dixon ignored his requests to file a police report and initiate an

investigation and Lincoln County, Sheriff Tom Nestor, failed to respond to kites he wrote

seeking assistance.  Mr. Rohn specifically claims that he was denied equal protection

and subjected to cruel and unusual punishment because he was prevented from filing a

police report regarding the burglary of his home.  He asserts a third claim against

Defendants Clint Tweden and Curtis Wynesky because they allegedly threatened Mr.

Rohn with physical harm if he tried to pursue a complaint against them.

Mere vague and conclusory allegations that federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Rohn's claims in the Prisoner Complaint are vague and conclusory because he fails to allege specific facts in support of those claims. With respect to the equal protection claim, it is not clear what any Defendant did to treat Mr. Rohn differently than similarly situated inmates. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). With respect to the cruel and unusual punishment claim, Mr. Rohn fails to allege facts that demonstrate he was subjected to inhumane conditions of confinement or that any Defendant acted with deliberate indifference to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Similarly, Mr. Rohn fails to allege in support of his third claim, which also appears to be an Eighth Amendment claim, that he was subjected to inhumane conditions of confinement because verbal threats and harassment do not rise to the level of cruel and unusual punishment. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).

For these reasons, Mr. Rohn must file an amended complaint if he wishes to pursue his claims in this action. For each claim he asserts in the amended complaint, Mr. Rohn "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*,

492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).  Thus, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).  Accordingly, it is

ORDERED that Mr. Rohn file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Rohn shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Rohn fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 17, 2013, at Denver, Colorado.

4

BY THE COURT:

 s/ Boyd N. Boland

United States Magistrate Judge