IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02117-LTB

RONALD ROHN,

    Plaintiff,

v.

NESTOR, et al.,
TOM NESTOR, Sheriff,
CLINT TWEDEN, Captain,
CURTIS WYNESKY, Deputy Sheriff,
CARMELA NESTOR, Deputy Sheriff, and
THERESA DIXON, Deputy Sheriff,

    Defendants.

---

ORDER DENYING MOTION

---

    Plaintiff, Ronald Rohn, filed on February 7, 2014, a *pro se* Motion for Leave to Reopen and or File an Amended Complaint (ECF No. 15).  Mr. Rohn asks the Court to reopen the instant action which was dismissed on December 4, 2013, and to allow him adequate time to file an amended complaint.  The Court must construe the motion liberally because Mr. Rohn is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motion will be denied.

    A litigant subject to an adverse judgment who seeks reconsideration by the district court may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  However, a

motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Mr. Rohn's motion will be construed as a motion pursuant to Fed. R. Civ. P. 60(b) because it was filed more than twenty-eight days after the Judgment was entered. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Rohn initiated this action by filing a Complaint Pursuant to 42 U.S.C. 1983 (ECF No. 1). On September 9, 2013, Mr. Rohn filed an amended complaint using the court-approved Prisoner Complaint form. (*See* ECF No. 5.) On September 17, 2013, Mr. Rohn was ordered to file a second amended complaint that clarified who he is suing and provided specific factual allegations in support of the claims asserted. On October 9, 2013, Mr. Rohn was granted an extension of time until November 18, 2013, to file a second amended complaint. On October 18, 2013, Mr. Rohn filed a second motion for extension of time because he had been transferred to the Bent County Correctional Facility and needed copies of documents he had filed. The second motion for extension of time was denied the same day it was filed because Mr. Rohn failed to demonstrate an extension beyond November 18, 2013, was necessary or justified at that time. On December 4, 2013, the Court entered an order dismissing the action without prejudice because Mr. Rohn had not filed a second amended complaint within the time allowed.

Mr. Rohn alleges in the motion to reconsider that he could not file a second amended complaint prior to November 18, 2013, because he was transferred to the

Bent County Correctional Facility in October 2013 and prison officials lost his legal papers. He further alleges that he had to wait until he had sufficient funds to obtain copies of documents filed in this action and that he is "uneducated in the law and is depending on inmate legal assistance to help him in this proceeding." (ECF No. 15 at 1.)

After review of the motion to reconsider and the entire file, the Court finds that Mr. Rohn fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Even if the Court assumes Mr. Rohn's allegations would have justified an additional extension of time beyond November 18, 2013, he fails to explain why he did not seek an additional extension of time until two months after the case was dismissed. Therefore, the motion to reopen will be denied. The action was dismissed without prejudice, however, and Mr. Rohn may file a new action if he wishes to pursue his claims. Accordingly, it is

ORDERED that the "Motion for Leave to Reopen and or File an Amended Complaint" (ECF No. 15), which the Court has construed as a motion to reconsider, is DENIED.

DATED at Denver, Colorado, this  12th  day of    February    , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court